TUCKFR, Judge.
Does not the act of assembly which forbids the parol to demur, make some difference ?
Randolph. No ; for that only says the proceedings shall not stop; and it does not hinder the court of chancery from reserving to the infant a right to shew cause against the decree at a future day.
Warden, contra. Frances Tucker was interested ; for she had a right to dower if the purchase was actually made before the marriage of the appellee. As Ambrose Bee was steward for col. Braxton, the appellee might *1016 well suppose that he was living- on the land as steward, and therefore, is not affected by any presumption arising from his possession.
*Call. The act concerning the- demurrer of the parol ought to have no effect. Eor, regularly, an infant’s answer ought not to go into the circumstances of his case ; but should commit him entirely to the protection of the court. Which, therefore, ought to allow him a day to exhibit his title, and shew cause against the decree. Besides, it appears that the person assigned guardian to defend the suit in the present case, would not appear, but suffered the decree to pass by default. It would, therefore, be contrary to every principle of justice, that the infants should be estopped by the decree.
Cur. adv. vult.
The court (absent Elemitig, judge,) were unanimously of opinion, that the oath to the bill by the next friend of the infants was sufficient: That the decree being absolute against the infants, without any day given them to shew cause against it, was one of the cases in which a bill of review might be brought without leave of the court, Mitford, 78 : and that the court ought to have admitted the bill of review' in toto, and permitted the plaintiffs to proceed in the usual way to establish the allegations of it. The order refusing to receive the bill was therefore reversed; and the cause sent back to the court of chancery to be proceeded in accordingly. _